```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| **HSBC BANK USA, N.A., as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2004-5,** | **Case No. 12 C 7429** |
| Plaintiff, | **Hon. Harry D. Leinenweber** |
| v. | |
| **JENISE HOPKINS,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff HSBC Bank USA ("HSBC") brings this action to foreclose a mortgage executed by Defendant Jenise Ervin ("Ervin"), formerly known as Jenise Hopkins. HSBC has moved for summary judgment [ECF No. 23], and to appoint a special commissioner for the purpose of conducting a public foreclosure sale [ECF No. 26]. For the reasons stated herein, the Motions are granted.

### I. BACKGROUND

On September 8, 2004, Fieldstone Mortgage Company ("Fieldstone") loaned Ervin $126,000 in exchange for a promissory note (the "Note") secured by a lien on certain property located at 514 Illinois Street, Park Forest, Illinois (the "Property"). Under the terms of the Note, Ervin agreed to pay yearly interest at the rate of 7.75 percent, as well as any applicable taxes, insurance fees, and other escrow items. The Note required monthly payments in the amount of $902.68 on the

first day of each month.  The mortgage was recorded with the Office of the Recorder of Deeds for Cook County.  On July 31, 2012, Fieldstone assigned the mortgage to HSBC.

The mortgage secured "(I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of [Ervin's] covenants and agreements under [the] Security Agreement and the Note."  (Pl.'s 56.1 Stmt. of Facts ("Pl.'s Stmt.") ¶ 10, ECF No. 24).  In the event of an uncured default on the Note, the lender could "require immediate payment in full of all sums secured by [the] Security Instrument by judicial proceeding."  (*Id.* ¶ 11).  The mortgage also allowed recovery of "expenses incurred in pursuing remedies [under the Security Agreement], including, but not limited to, reasonable attorneys' fees and cost of title evidence."  (*Id.*).

HSBC's payment records indicate that Ervin fell behind on her obligations under the Note after she submitted bad checks in March, August, and September of 2011.  Ervin attempted to catch up by making extra payments but, by January 2012, she remained delinquent by at least one month.  Ervin then failed to make any payments for February, May, and July of 2012, which resulted in her falling four months behind.  Consequently, HSBC began rejecting Ervin's payments as being insufficient to bring her current on her loan.  Thereafter, on September 18, 2012, HSBC commenced this action seeking entry of a judgment of foreclosure on the Property and an award of $130,599.10, plus interest, which HSBC contends is the amount outstanding on the

Note. HSBC also seeks attorneys' fees and costs in the amount of $2,076.

## II. LEGAL STANDARD

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In evaluating the evidence, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party. *Wilson v. Cook County,* 742 F.3d 775, 779 (7th Cir. 2014). After "a properly supported motion for summary judgment is made," the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 260 (1986). In doing so, the non-moving party must present "definite, competent evidence in rebuttal" sufficient to raise more than a mere "metaphysical doubt" as to the material facts. *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1113 (7th Cir. 2013).

## III. ANALYSIS

Under Illinois law, a party seeking a judgment of foreclosure must attach to its complaint a copy of the mortgage and the promissory note upon which it seeks to recover. 735 Ill. Comp. Stat. 5/15-1504. If the plaintiff's evidence establishes that the defendant has defaulted on his or her loan obligations, the burden shifts to the defendant to assert a defense to the enforcement of the note. *Firstmerit Bank, N.A. v. Walsh,* No. 13-cv-3302, 2014 WL

883541, at *3 (N.D. Ill. Mar. 5, 2014) (citing *Farm Credit Bank of St. Louis v. Biethman,* 634 N.E.2d 1312, 1318 (Ill. App. Ct. 1994)).

Ervin argues that foreclosure is improper for three reasons. First, she contends that HSBC has failed to provide admissible evidence demonstrating that it had possession of the Note at the time it initiated this lawsuit. Consistent with its obligations under Illinois law, however, HSBC presented a copy of the Note together with the filing of its Complaint. Ervin offers no reason for why that evidence is insufficient to establish possession; nor does she identify any facts that might call into question whether HSBC is the holder of the Note. In the absence of any evidence that suggests that HSBC did not have possession of the Note, Ervin's unsupported claims in that regard must be rejected.

Second, Ervin argues that any alleged default in this case was caused by her loan service provider's failure to notify her that, effective September 1, 2011, her account would be transferred to a different provider. Although Ervin was mailed notice of this change on August 15, 2011, (*see,* Pl.'s Reply to Def.'s 56.1 Stmt. ("Pl.'s Reply Stmt."), Ex. B, ECF No. 38-2), she claims not to have learned of the transfer until later in September when she filled out a credit application at an automobile dealership. Ervin alleges that she submitted her August and September 2011 payments to her previous service provider, which resulted in her being marked inaccurately as delinquent for those months. It is difficult to see how a change in service providers would have affected Ervin's August 2011 payment,

however, since the transfer of her account went into effect only in September. At any rate, HSBC's records indicate that Ervin was marked as delinquent for those months not because her new provider failed to receive her payments, but because she had submitted bad checks. (*See,* Pl.'s Reply Stmt., Ex. A). Moreover, it is uncontested that Ervin was not declared to be in default until almost one year later – only after she tendered three additional bad checks, making her four payments behind on the loan.

Ervin does not even attempt to explain what occurred with her payments in March 2011, February 2012, May 2012, or July 2012. Rather, she complains that she has been hindered in her defense of this case because she has been unable to produce certain personal checking records, which her prior attorney refuses to return to her. In that regard, however, she is the author of her own plight, since her present counsel has made no effort to subpoena the records and she herself has not taken any steps to obtain duplicate copies from her bank. In any event, there is no indication that Ervin's checking records, even if produced, would be sufficient to create a genuine issue as to the existence of a default.

Ervin's final argument is that HSBC failed to supply her with proper notice of default and that, in the absence of such notice, "the debt is not accelerated and the foreclosure action is premature and must be dismissed." (Def.'s Mem. in Opp. to Sum. J. ("Def.'s Opp. Mem.") at 5, ECF No. 34). Under Illinois law, however, "[i]t is not necessary . . . to accelerate a note before foreclosing on the

mortgage which secures the note." *Abdul-Karim v. First Federal Sav. and Loan Ass'n of Champaign,* 462 N.E.2d 488, 492 (Ill. 1984). Moreover, HSBC *did* mail Ervin both a Notice of Default and a Grace Period Notice in April 2012, more than five months before it filed for foreclosure, (*see,* Pl.'s Reply Stmt., Exs. 3 & 4). Ervin has made no representation that she failed to receive either of these notices.

The foregoing demonstrates clearly that there is no genuine issue of material fact as to whether Ervin defaulted on her obligations under the Note. The Court therefore grants summary judgment in favor of HSBC.

Pursuant to the terms of the mortgage, HSBC also seeks to recover $2,076.00 in attorneys' fees and costs that it accrued in pursuing the collection of this debt. HSBC's application is supported properly by affidavit and Ervin raises no objection to the request. Accordingly, the Court assesses attorneys' fees and costs against Ervin in the amount requested by HSBC.

## IV. CONCLUSION

For the reasons stated herein, HSBC's Motion for Summary Judgment [ECF No. 23] is granted. Judgment is entered against Ervin in the amount of $130,599.10, interest in the amount of $25.12 for each day after December 17, 2012, and attorneys' fees and costs in the amount of $2,076.00. The Court will enter a separate Judgment of Foreclosure.

HSBC's Motion to Appoint a Special Commissioner [ECF No. 26] also is granted. The Court appoints The Judicial Sales Corporation as Special Commissioner for the purpose of conducting a public sale of the Property in accordance with the terms of the Judgment of Foreclosure.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Date:3/26/2014